## CIRCUIT COURT OF LOUDOUN COUNTY

Kenneth W. Kertulla et al.

v.

Henrietta S. Candea,
a/k/a Henrietta Smith

August 19, 2005

Case No. (Chancery) 22443

BY JUDGE THOMAS D. HORNE

This case came before the Court on the Bill of Complaint for Injunctive Relief and the Cross-Complainant's Amended Bill for Declaratory and Injunctive Relief. On motion of the Complainant, the Bill of Complaint was dismissed without prejudice, to which action of the Court, the Defendant and Cross-Complainant noted her exception.

Central to the resolution of this dispute is the status of a roadway currently known as Mountain Orchard Lane. This roadway, previously known as Wilson Gap Road, serves as a means of ingress and egress to the Cross-Complainant's property. The Cross-Defendant asserts an interest in the roadway to the exclusion of the Cross-Complainant.

In argument, Counsel for the Cross-Defendant refers the Court to the case of *United States v. 15.51 Acres of Land in Jefferson County, West Virginia, and Loudoun County and Henrietta S. R. Smith,* Memorandum Opinion, United States District Court for the Northern District of West Virginia, Civil Action No. 3:97-CV-12 (1997).

While the outcome of this condemnation case reflects a finding that Mountain Orchard Lane is not a public road, that determination is not binding on the Court in this case. Moreover, the Court expressly noted its decision that the Defendant failed to argue that Mountain Orchard Lane was established as a public road through presumption or implied

dedication. The evidence in the instant case supports Cross-Complainant's arguments, now made, that would have the Court determine Mountain Orchard Lane, a public road by prescription. *Virginia Hot Springs v. Lowman*, 126 Va. 424 (1919).

The evidence clearly shows that Mountain Orchard Lane has been identified for more than one hundred and fifty years as a public road. Deed descriptions of adjacent properties are identified with reference to the road. On several occasions, the county has acted upon and denied requests to adjust the alignment of the road. Frequent, long, and continuous use of the road by the public, coupled with recognition by the county government, supports the conclusion that, consistent with the opinion of the Cross-Complainant's expert, Eugene M. Scheel, Mountain Orchard Lane is a public road. A failure of the Commonwealth to accept the road for maintenance in 1932 does not defeat this conclusion.

Accordingly, the Court grants the relief sought in Court of the Amended Cross-Bill and finds that Mountain Orchard Lane, (previously known as Wilson Gap Road), is a public road, that it has not been abandoned, and that the Cross-Complainant is entitled to use of said road from the state maintained portion of Route 761 to the Candea property for ingress and egress.

The width of the road is determined by the fence and banks identified by the record. *Virginia Hot Springs v. Lowman*, 126 Va. 424 (1919). The Court, on view, shall identify the boundaries for the road, and these shall be platted for recordation with the decree by a certified land surveyor. The Cross-Complainant shall pay costs of the survey.

Mr. Price shall draw a decree confirming Mountain Orchard Lane is a public road and continuing the case for the determination of boundaries and recordation of a survey confirming same. The request that the Court find an alternative prescriptive easement pleaded in Count II of the Cross-Complaint is denied.